# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CDCS# 2003A95891
Case No.:

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| vs. | § § § § |
| KEVIN PEW, | § |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Broward County, Florida within the jurisdiction of this Court and may be served with service of process at 2028 N DOUGLAS RD, PEMBROKE PINES, FL 33024.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,667.56 |
| B. Current Capitalized Interest Balance and Accrued Interest as of October 1, 2012 | $5,427.49 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied (Debtor payments, credits, and offsets) | $0.00 |

|  |  |
|---|---|
| E. Attorneys fees | $500.00 |
| **Total Owed** | **$8,595.05** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

Newman & Marquez. P.A.

Date: 10|15|12

By: _____
Jennifer Margolis Marquez
Florida Bar Number 0770701
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Tel.305-665-9633
Facsimile 305-666-9714
Email:jenmargolis@bellsouth.net

**EXHIBIT "A"**

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

> Kevin C Pew
> aka Kevin Pew
> 3480 NW 207th
> Carroll City, FL 33056
> SSN: ███████

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/23/00.

On or about 09/06/84 and 01/10/85, the borrower executed promissory note(s) to secure loan(s) of $2,000.00 and $500.00, from Mid-Continent Federal Savings and Loan at 8 percent interest per annum. This loan obligation was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 08/01/86, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,667.56 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/08/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $2,667.56 |
| Interest: | $2,808.38 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 06/23/00: | $5,475.94 |

Interest accrues on the principal shown here at the rate of $0.58 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/5/00

Name: _[signature]_
Title: LOAN ANALYST
Branch: LITIGATION BRANCH

GUARANTEED STUDENT LOAN PROMISSORY NOTE

Lender:
A. DISCLOSURE OF LOAN INFORMATION

818528
Mid-Continent Federal Savings & Loan
124 West Central
El Dorado, KS. 67042

My grace Period is **SIX** months long, beginning the **MONTH** I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

My Interest Rate is **EIGHT (08)** %

| Disbursement Schedule | Estimated Date of Disbursement | Gross Disbursement Amount | Guarantee Fee | Origination Fee | Amount of the Loan Check(s) |
|---|---|---|---|---|---|
| 1st Disbursement | 09/11/84 | $ 2,000.00 | $ 17.50 | $ 100.00 | $ 1,882.50 |
| 2nd Disbursement | NONE | $ .00 | | $ .00 | $ .00 |
| 3rd Disbursement | NONE | $ .00 | | $ .00 | $ .00 |
| TOTALS | LOAN AMOUNT: | $ 2,000.00 | Less $ 17.50 | Less $ 100.00 | Equals $ 1,882.50 |

B. PROMISE TO PAY

I, **Kevin C. Pew**, promise to pay to the order of **Mid-Continent Federal Savings & Loan** (hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance. I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school, (b) during the grace period described in Section D below, and (c) during the time my loan payments are deferred as allowed by Section F below.
3) The Guarantee Fee which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months the fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, but will, at the lender's option, be applied to my loan balance or be returned to me.
4) The Origination Fee which will be deducted from the proceeds of the loan. The fee may not exceed 5 percent of the Loan Amount. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, this loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The length of my grace period is identified above. The grace period begins when I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).
  1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
  2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
  3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
    a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum or, the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
    b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.
  4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
  5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
  6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

BORROWER NAME AND ADDRESS

Kevin C. Pew
3480 NW 207th St
Carol City, FL. 33055

E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

F. DEFERMENT

I understand that in certain instances payments authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including, without limitation, submission of required forms to the lender.

G. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from a Deferment (Section F) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

H. ACCELERATION & DEFAULT

If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due.
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

If I fail to make any payment when due, I will also pay all charges and other costs — including attorney's fees — that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed.

I. CREDIT BUREAU NOTIFICATION

If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to credit bureau organizations.

J. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

NOTICE TO BORROWER
a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

Borrower's Signature: *Kevin Pew*    Date: 9/6/84

El Dorado

PEW, KEVIN, C
CLAIM NC 1993C9C479134  C8-08-93
SSN [redacted]  TD 1

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section D may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, because of circumstances listed below, provided I comply with the procedural requirements set forth in the regulations governing the GSLP:

1. While I am enrolled in —

    A. Full-time study at a school that is participating in the GSLP (However, only citizens or nationals may attend schools outside of the U.S.).

    B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);

    C. A graduate fellowship program approved by the Secretary of Education; or

    D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.

2. For periods not exceeding 3 years for each of the following while I am —

    A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;

    B. Serving as a Peace Corps Volunteer;

    C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.

    D. Serving as a 501(c)(3) of performed in

    E. Temporarily employment established b

3. For a period not recognition requi

4. For a single per employment in th

To be granted a de notify the lender as

If I am unable to lender to modify th

  1) A short period
  2) A reasonable e
  3) Making smalle

I understand that (a) collect from me

REPAYMENT BY I

Under certain circ accordance with Se note.)

Questions concerni recruiting program Armed Forces.

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement 'without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

By _____
Its _____
(Cashier, Treasurer)

By _Jolene Keith_
Its _Asst. Vice President_
Date _1-28-87_

income taxation under Section which is comparable to service

hysician, or unable to secure mporarily totally disabled, as

red for me to gain professional

but unable to find full-time

eligibility. I must subsequently nger exists.

Section D, I may request the e following:

period which the lender may of the loan.

the Secretary of Defense, in (P.L. 96-342, 10 U.S.C. 2141,

er. The program described is a eligible for enlistment in the

I certify under penalty of perjury that this is a true and exact copy of the original promissory note.

_____ 6-23-98
Name           Date

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

## A. IMPORTANT — READ THIS INFORMATION CAREFULLY
The terms "I" and "me" refer to the borrower.

| | |
|---|---|
| Your Name | Kevin Pew |
| Your SSN | [redacted] |
| Your Address | 3480 N.W. 207 St. |
| Your City/State/ZIP | Carol City, Fla. 33055 |

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan    c) the dollar amount of the origination fee I will pay    e) my disbursement schedule (when I will get my loan checks)
   b) the interest rate I will pay          d) the dollar amount of the guarantee fee I will pay       f) how long my grace period will be
   Some of the terms on my Disclosure Statement may be different from what they are on this Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.
   I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

## B. PROMISE TO PAY

I, **Kevin Pew** (Print Your Name as Borrower) promise to pay to the order of **Mid-Continent Federal S&L** (Print Your Lender's Name) **El Dorado, KS.** (Print Your Lender's City and State)

All of the following amounts:
1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED $ **500**
2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%.
   I further understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section D below, and (c) during the time my loan payments are deferred as allowed by Section F below.
3) The Guarantee Fee which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months the fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, but will, at the lender's option, be applied to my loan balance or be returned to me.
4) The Origination Fee which will be deducted from the proceeds of the loan. The fee may not exceed 5 percent of the Loan Amount. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

### C. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of the HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### D. REPAYMENT
I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).
1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum or, the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.
4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

### E. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### F. DEFERMENT
I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### G. MODIFICATION OF REPAYMENT TERMS
If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from a Deferment (Section F) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

### H. ACCELERATION & DEFAULT
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due.
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

If I fail to make any payment when due, I will also pay all charges and other costs — including attorney's fees — that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed.

### I. CREDIT BUREAU NOTIFICATION
If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau organizations.

### J. LATE CHARGES
If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

---

### NOTICE TO BORROWER
a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

---

**Kevin Pew**    **1-10-85**
Sign Your Name                              Today's Date

Your Indorser's Signature (if any)          Today's Date

Your Indorser's Address, City, State & ZIP Code

The above signed indorser signs this Promissory Note in the capacity of an indorser within the meaning of the Uniform Commercial Code. As such, the indorser hereby waives demand, presentment for payment, notice of nonpayment, protest, and notice of protest, and acknowledges and agrees that the lender has expressly reserved its right against the indorser notwithstanding any deferment in accordance with Section F of this note or modification of repayment terms in accordance with Section G of this Note of which the indorser has no notice.

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section D may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, because of circumstances listed below, provided I comply with the procedural requirements set forth in the regulations governing the GSLP:

1. While I am enrolled in —

    A. Full-time study at a school that is participating in the GSLP (however, only citizen s or national s may attend schools outside of the U.S.);

    B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);

    C. A graduate fellowship program approved by the Secretary of Education; or

    D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.

2. For periods not exceeding 3 years for each of the following while I am —

    A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United [States...]

    B. Serving as a P[eace Corps...]

    C. Serving as a [volunteer under the Domestic Volunteer] ervice Act of 1973 (ACTION programs) (e.[g. ...]

    D. Serving as a [full-time volunteer for a tax-exempt organization under] 501 (c)(3) of [the Internal Revenue Code, whose services are] ncome taxation under Section [...] performed in [...] vhich is comparable to service [...]

    E. Temporarily [...] hysician, or unable to secure employment [...] mporarily totally disabled, as established b[y ...]

3. For a period not [...] red for me to gain professional recognition requi[red ...]

4. For a single per[iod ...] but unable to find full-time employment in t[he ...]

To be granted a de[ferment ...] eligibility. I must subsequently notify the lender as [...] nger exists.

If I am unable to [...] Section D, I may request the lender to modify th[e ...] ie following:

   1) A short perioc[...]
   2) A reasonable e[...]
   3) Making smalle[r ...]

I understand that [...] period which the lender may (a) collect from me [...] of the loan.

Under certain circ[umstances ...] y the Secretary of Defense, in accordance with Se[ction ...] 1 (P.L. 96-342, 10 U.S.C. 2141, note.)

Questions concerning the program should be addressed to the local Service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

---

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

By _____        By _Arlene Keith_____
Its _____        Its _Asst. Vice President_
        (Cashier, Treasurer)          Date _1-28-87_

---

I certify under penalty of perjury that this is a true and exact copy of the original promissory note.

_T L_   _6·23·40_
Name      Date